UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY GREER,

      Plaintiff,

  v.

1ST MIDAMERICA CREDIT UNION,

      Defendant.

Case No. 25-cv-1554-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant 1st MidAmerica Credit Union's ("1st MidAmerica") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5). Plaintiff Tracy Greer has responded to the motion (Doc. 20).

Greer alleges that 1st MidAmerica, her former employer, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, when she returned from FMLA leave in 2023. She claims that, although it approved the FMLA leave and allowed her to take it to care for her ill father, it improperly forced her to take paid annual leave rather than unpaid leave. She also complains that, upon her return from leave, 1st MidAmerica harassed her, created a hostile work environment, excessively questioned her about her work, changed her job responsibilities, and eventually discharged her, all because she exercised her right to take FMLA leave. She seeks, among other things, compensatory damages for emotional distress.

1st MidAmerica asks the Court to dismiss Greer's harassment and hostile environment claims because they are not cognizable under the FMLA. Additionally, it notes that damages for emotional distress are not available under the FMLA. Greer argues that 1st MidAmerica has waived its arguments by filing an answer contemporaneously with its motion. She further argues that her pleading is sufficient to satisfy the liberal federal notice pleading requirement, although

she agrees to strike her claim for emotional distress damages.

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

I.   **Waiver**

Greer fails to cite any law to support her argument that 1st MidAmerica has waived the arguments in its motion to dismiss by filing an answer. Accordingly, Greer has waived the waiver argument. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" are waived).

II.  **Harassment and Hostile Environment**

It is true that FMLA claims generally fall in to one of two categories: interference with FMLA rights or retaliation for exercising FMLA rights. *Juday v. FCA US LLC*, 57 F.4th 591, 594 (7th Cir. 2023). There is no independent cause of action under the FMLA for harassment or a hostile environment. However, harassment or a hostile environment may be evidence of

retaliation if the plaintiff suffered lost wages or any other monetary losses from the retaliation or if she seeks equitable relief like reinstatement or promotion.  *See Ragsdale v. Beacon Health Sys., Inc.*, No. , 2020 WL 1849403, at *6 (N.D. Ind. Apr. 13, 2020).  Greer has pleaded sufficient facts to plausibly suggest the harassment and hostile environment she experienced were in retaliation for exercising her FMLA rights and led to a change of job responsibilities that might be considered a demotion or to her termination.  Those allegations are appropriately pleaded in this action in support of a retaliation claim.

### III.    Damages for Emotional Distress

Under the FMLA, an employee can recover "wages, salary, employment benefits, or other compensation" or "any actual monetary losses" that resulted from an FMLA violation.  29 U.S.C. § 2617(a)(1)(A)(i)(I), (II).  However, damages for emotional distress are not available.  *See Trahanas v. Nw. Univ.*, 64 F.4th 842, 858 (7th Cir. 2023) (citing *Arrigo v. Link*, 836 F.3d 787, 798 (7th Cir. 2016)).

Indeed, Greer has consented to striking her claim for severe emotional trauma from ¶ 29 of her complaint.  However, striking is not appropriate because the prayer for relief is not "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" subject to striking under Federal Rule of Civil Procedure 12(f).  If she wishes to omit this prayer for relief, she may seek leave to amend her pleading.

Nor is dismissal appropriate under Rule 12(b)(6).  A Rule 12(b)(6) motion is not the proper mechanism for requesting dismissal of *parts* of claims, such as a prayer for a certain type of relief.  It is only appropriate for seeking dismissal an entire claim for which no relief can be granted.  *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).  As the Court has noted above, Greer has plausibly stated a claim for relief under the FMLA.

## IV. Conclusion

For these reasons, the Court **DENIES** 1st MidAmerica's motion to dismiss (Doc. 5).

**IT IS SO ORDERED.**
**DATED:  December 1, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**